IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * |
| | * Criminal No. PJM 07-0163 |
| WILLIAM ORLEANS | * |
| Defendant | * |

### MEMORANDUM OPINION

William Orleans appeals Magistrate Judge DiGirolamo's March 21, 2007 ruling sentencing him to sixty days of incarceration for violation of probation. Orleans' counsel has now filed a brief pursuant to *Anders v. California*, 386 U.S. 738, indicating that there are no non-frivolous issues for appeal. Further, the Government has moved to dismiss the appeal as untimely. The Court **DENIES** the Government's Motion to Dismiss, but **AFFIRMS** Judge DiGirolamo's decision.

I.

On May 11, 2003, William Orleans was arrested by the United States Park Police for drunk driving and related charges. On April 24, 2004, before Magistrate Judge DiGirolamo, Orleans plead guilty to driving under the influence of alcohol in violation of 36 C.F.R. § 1.3(a). At sentencing on June 16, 2004, Judge DiGirolamo imposed three years probation, including the following conditions: sixty days home detention, seventy-five hours community service, substance abuse counseling, and an ignition interlock if Orleans obtained a valid driver's license.

Because Orleans did not complete his community service, he appeared in court on a violation of probation charge in October 2006. Orleans admitted the violation and Judge DiGirolamo

sentenced him to the same probationary period, but required him to perform an additional twenty-five hours of community service and to complete all community service by May 1, 2007.

On March 21, 2007, Orleans was again before Judge DiGirolamo on violation of probation charges, this time for driving and acquiring new driving offenses despite the fact that he did not have valid driving privileges. Orleans admitted the violation and conceded that probation should be revoked and imprisonment imposed, but asked that the sentence begin after a civil case that he was litigating went to trial in late May. Judge DiGirolamo sentenced Orleans to a period of sixty days incarceration, revoked probation and ordered that Orleans be taken into custody immediately.

On April 4, 2007, fourteen calendar days after sentence was imposed, Orleans filed his appeal of the sentence. On April 11, 2007, defense counsel filed an *Anders* brief.

II.

The Government has moved to dismiss the appeal as untimely, on the grounds that Fed. R. Crim. P. 58(g)(2)(B) requires that a defendant's notice of appeal be filed within ten days after entry of judgment. This appeal period is jurisdictional. *See Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 264 (1978). Defense counsel opposes dismissal, arguing that Fed. R. Crim. P. 45 states that, for the purposes of calculating time, "intermediate Saturdays, Sundays, and legal holidays [should be excluded] when the period is less than 11 days." In this case, the period from March 21, 2007 to April 4, 2007 included two Saturdays and two Sundays, which are excluded from the calculation because the appeal period is less than eleven days. Thus, though fourteen calendar days passed, the appeal is considered filed within the ten-day deadline. Accordingly, the Government's Motion to Dismiss is DENIED.

III.

A reviewing court may not reverse the trial court simply because it would have decided the case differently. *United States v. Orme*, 51 F.3d 269 (4th Cir. 1995), *citing Anderson v. Bessemer City*, 470 U.S. 564 (1985). "Generally, a sentence, if within the statutory limits, is not subject to review." *United States v. Bernard*, 757 F.2d 1439, 1444 (4th Cir. 1985), *citing United States v. Tucker*, 404 U.S. 443 (1972). 18 U.S.C. § 3742(e) (2004) limits appeals to two grounds for Class B misdemeanors and other crimes with no sentencing guidelines: (1) whether the sentence was imposed in violation of law and (2) whether it was "plainly unreasonable." *United States v. Anderson*, 787 F. Supp. 537 (D. Md.1992). If neither ground exists, the sentence must be affirmed. *Id.*, *citing* 18 U.S.C. § 3742(f)(3).

Judge DiGirolamo's imposition of a sixty-day sentence was neither in violation of law, nor "plainly unreasonable." The sentence was well within the six-month period of imprisonment Orleans faced and was a valid exercise of Judge DiGirolamo's discretion. Moreover, defense counsel admits that the sentence was not plainly unreasonable. Orleans was appearing before Judge DiGirolamo on his second violation of probation charge. Orleans admitted the numerous violations and his reason for postponing imprisonment - to do legal research for his pending civil matter - is not sufficiently compelling that the sentence imposed was "plainly unreasonable."

IV.

For the foregoing reasons, the Court DENIES the Government's Motion to Dismiss the Appeal and AFFIRMS the judgment and sentence entered by Magistrate Judge DiGirolamo on March 21, 2007.

A separate ORDER accompanies this Memorandum Opinion.

April 25, 2007

_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE